[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has brought this action seeking damages for breach of contract, a permanent injunction, relief under the Connecticut Unfair Trade Practices Act (CUTPA). and a declaratory judgment.
The dispute arises out of an agreement entered into between the parties, under which the defendant was to prepare a book CT Page 5762 authored by the plaintiff for marketing and take the various steps required for its publication. The plaintiff alleges various breaches of this agreement, which the defendant has denied, and further seeks damages against the plaintiff in a counter-claim. The book was never "published", although the defendant claims to have printed several hundred copies.
The matter was returned to Court on April 16, 1991 and has been on the court trial list since December of 1991. On May 1, 1995, when the defendant failed to appear at a pre-trial conference, it was ordered that the trial proceed on May 12, 1995, with or without the defendant. His counsel sought a further continuance on May 12, due to the absence of the defendant, but that request was denied.
The plaintiff testified about his dealings with the defendant and introduced evidence as to the agreement and the differences which arose between the parties. The plaintiff-author stated he had invested $19,000 in this venture and alleges a failure on the part of the defendant to account for these funds, while demanding additional money from the plaintiff.
From the evidence presented, the Court concludes the defendant breached his agreement with the plaintiff. He failed to properly prepare the book for publication and sought additional money he had not yet earned because the book had not produced revenue from which the defendant would be entitled to additional sums.
The Court also heard from the plaintiff's expert, Ronald Chambers. Mr. Chambers has had a long career in the publishing field with several well-known organizations. He testified on the issue of damages primarily, but was critical of the defendant's total effort on behalf of the plaintiff and felt the finished product had numerous deficiencies. It was Mr. Chambers' opinion that the plaintiff would have netted $75,000 had his book been published promptly.
While defendant's counsel performed most professionally in protecting his absent client, there was an abundance of evidence to substantiate the plaintiff's claims. Of particular significance in this case is the fact that because this book was not published in 1990 when its contents would have ben timely and significant due to world events, this plaintiff has probably lost his one lifetime opportunity to tell and sell his unique story. CT Page 5763
Judgment may enter for the plaintiff as follows:
 A) On the prayer for a declaratory judgment, the Court declares that there is no continuing relationship between the plaintiff and the defendant and the defendant has no rights in any of the printed volumes which presently exist, nor in the contents thereof. Further, any and all printed volumes in the possession of the defendant are declared to be the property of the plaintiff and are to be turned over to him upon demand.
 B) The temporary injunction previously entered herein is hereby made permanent.
 C) Judgment may enter for the plaintiff Thomas Gilligan on the counter-claim of the defendant John Quirk.
 D) Judgment may enter for the plaintiff to recover of the defendant the sum of $75,000 on his damage claim; he is also found to be entitled to damages on his CUTPA claim in the amount of $50,000 and counsel fees in the amount of $8,700.
 E) The plaintiff is awarded taxable costs on which the defendant is entitled to object.
Anthony V. DeMayo State Trial Referee